PEOPLE v SCOBEY

Docket No. 81780. Submitted December 4, 1985, at Grand Rapids.
  Decided April 3, 1986.
  George W. Scobey was convicted by a jury in the Barry Circuit
  Court of first-degree criminal sexual conduct. The trial court,
  Richard M. Shuster, J., sentenced defendant to a prison term of
  not less than fifteen years nor more than twenty-five years.
  Defendant appealed, raising several issues. *Held:*

  1. The trial court's admission into evidence of hearsay state-
  ments made by defendant's daughter, the alleged victim in this
  case, to her friend's mother and to a school counselor indicating
  that defendant "played around with her" and "abused her"
  constituted error on the trial court's part. The statements,
  which were ostensibly offered by the prosecution to explain the
  actions of the victim, her friend's mother, and the school
  counselor, did not come under any exemption or exception to
  the hearsay rule. Moreover, the statements were not relevant
  evidence inasmuch as the subsequent actions of the individuals
  were not in issue or of consequence at the trial.

  2. The admission of an arresting officer's testimony at trial
  that defendant "made no verbal response," "grasped his hands
  tight to the point where his knuckles were turning white," "sat
  with his head hanging," and "appeared he was acting in a
  remorseful way" violated defendant's right to remain silent
  following his arrest. However, the Court of Appeals did not
  have to decide whether this error by the trial court was not
  harmless and required reversal in light of the Court's ruling on
  the hearsay issue. Nevertheless, the Court instructed the trial
  court, should defendant be retried, not to admit testimony
  concerning defendant's post-arrest silence.

  Reversed and remanded for new trial.

REFERENCES

Am Jur 2d, Evidence §§ 497 *et seq.,* 610 *et seq.,* 638, 1082.
Denial of recollection as inconsistent with prior statement so as to
  render statement admissible. 99 ALR3d 934.
Nonverbal reaction to accusation, other than silence alone, as
  constituting adoptive admission under hearsay rule. 87 ALR3d
  706.

1. EVIDENCE — HEARSAY — RULES OF EVIDENCE.
   Hearsay statements offered by a party for the purpose of explaining the subsequent actions of the declarant, where such actions were not matters in issue and where none of the exemptions from, or exceptions to, the hearsay rule apply, are not admissible (MRE 801[c]).

2. RAPE — EVIDENCE — HEARSAY — APPEAL.
   Error in the admission of hearsay testimony in a defendant's trial for criminal sexual conduct cannot be considered harmless where, as in most criminal sexual assault cases, the testimony concerning the event was one-to-one, complainant versus defendant.

3. CRIMINAL LAW — CONSTITUTIONAL LAW — RIGHT TO REMAIN SILENT — EVIDENCE.
   A defendant's silence in the face of an accusation of criminal conduct, in order to protect the right of post-arrest silence, cannot be used as evidence, except that evidence of a defendant's post-arrest silence may be used to contradict his assertion at trial that he made a statement or to elicit the full extent of a defendant's statement made to the arresting police officer.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Judy A. H. Hughes,* Prosecuting Attorney, and *Jann Ryan Baugh,* Assistant Attorney General, for the people.

State Appellate Defender (by *Peter Jon Van Hoek*), for defendant on appeal.

Before: BEASLEY, P.J., and R. M. MAHER and R. L. TAHVONEN,* JJ.

PER CURIAM. On August 28, 1984, following a two-day jury trial, defendant, George W. Scobey, was convicted of first-degree criminal sexual conduct, in violation of MCL 750.520b(1)(b); MSA 28.788(2)(1)(b). The trial court subsequently sentenced defendant to serve not less than fifteen

* Circuit judge, sitting on the Court of Appeals by assignment.

years nor more than twenty-five years in prison. Defendant appeals his conviction as or right.

The charge against defendant arose out of a complaint filed on behalf of his thirteen-year-old daughter. At trial, defendant's daughter testified that, since she had been nine or ten years old, defendant had threatened to take away certain privileges if she did not acquiesce in his touching her in a sexual manner. Defendant also had taken four pictures of his daughter posing in the nude. Specifically, on Friday, March 9, 1984, defendant had told his daughter that, if she wanted to get the ingredients to make a pizza for her home economics class, she would have to allow him to touch her. Defendant then fondled his daughter's breasts, inserted his finger in her vagina and ejaculated in her pubic area.

Following this incident with defendant, the daughter left to spend the weekend at a friend's house. Defendant's daughter testified that on the Sunday following the incident she told the mother of her friend about defendant's sexual conduct towards her. The friend's mother testified that she advised defendant's daughter to talk to her counselor at school about the matter. On the following Wednesday, defendant's daughter did talk to her school counselor about the incident. The counselor testified that he contacted a county protective services worker about the incident, and a complaint was filed against defendant.

At trial, defendant denied that the incident on March 9, 1984, ever occurred. Defendant's girlfriend also testified, stating that she had been with defendant at the time the incident allegedly occurred, that the incident could not have occurred without her knowledge, and that the incident had not occurred.

On appeal, defendant first argues that the trial

judge erred in admitting certain hearsay evidence. The record reveals that both the friend's mother and the school counselor testified that defendant's daughter had told them that defendant had "played around with her" and "abused her."

The prosecutor argued, at trial and on appeal, that these statements by defendant's daughter were not offered to prove the truth of the matter asserted and, thus, were not hearsay under MRE 801(c). The prosecutor asserted that the statements were offered to explain the subsequent actions of the witnesses. This argument is without merit. The subsequent actions of the witnesses were not matters in issue or of consequence at defendant's trial. Therefore, the statements offered for this purpose were not "relevant evidence" as defined in MRE 401 and were inadmissible under MRE 402.[1]

The statements were only relevant if offered to prove the truth of the matter asserted (that defendant had sexually abused his daughter) and, thus, constituted hearsay. No exception to the rule barring hearsay evidence applies to the statements of defendant's daughter in this case. The only plausible exception would be the excited utterance exception under MRE 803(2). However, this exception does not apply in this situation where defendant's daughter made her statement to her friend's mother two days after the incident and to her school counselor five days after the incident. Defendant's daughter did not make her statements concerning the startling incident before she had time to contrive and misrepresent, as required by MRE 803(2).[2]

Concluding that admission of this hearsay evidence was error, we consider whether the error

---

[1] *People v McKinney*, 410 Mich 413, 418; 301 NW2d 824 (1981).

[2] *People v Gee*, 406 Mich 279, 282; 278 NW2d 304 (1979); *People v Kreiner*, 415 Mich 372; 329 NW2d 716 (1982).

was harmless. Under *People v Gee,*[3] the error cannot be considered harmless because, as in most criminal sexual assault cases, the testimony concerning the event was one-to-one, complainant versus defendant. While the testimony of the other witnesses corroborated and made more credible the testimony of defendant's daughter,[4] we cannot conclude beyond a reasonable doubt that, if the trial had been free of this error, not one juror would have voted to acquit defendant. Therefore, the error was not harmless.[5]

Even though our disposition of the first issue raised by defendant on appeal requires reversal of his conviction, we address defendant's second assertion of error, since the issue may arise when defendant is retried on the charge in this matter. Defendant asserts that his constitutional right to post-arrest silence was violated. The alleged violation occurred when the prosecution questioned one of the arresting officers concerning the fact that, when informed of the complaint and after receiving his *Miranda*[6] warnings, defendant "made no verbal response," "grasped his hands tight to the point where his knuckles were turning white," "sat with his head hanging," and "appeared he was acting in a remorseful way." Also, when cross-examining defendant, the prosecution elicited the fact that defendant was crying while the arresting officer informed him of the complaint. After being completely informed of the complaint and conducting himself as described above, defendant stated, "I can't believe that she turned me in."

---

[3] *Gee, supra,* p 283.

[4] See *People v White,* 142 Mich App 581, 589; 370 NW2d 405 (1985).

[5] *People v Swan,* 56 Mich App 22; 223 NW2d 346 (1974), lv den 395 Mich 810 (1975).

[6] *Miranda v Arizona,* 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694 (1966).

In order to protect the right of post-arrest silence, silence in the face of an accusation of criminal conduct cannot be used as evidence.[7] Two narrow exceptions to this rule exist. First, evidence of a defendant's post-arrest silence may be used to contradict his assertion at trial that he made a statement.[8] This exception does not apply in the within case because defendant never testified that he made a statement to the arresting officer.

Second, evidence of a defendant's silence on certain matters may be presented to elicit the full extent of a defendant's statement made to the arresting officer.[9] The arresting officer's testimony in this case was not elicited to explain ommissions in the statement eventually given by defendant. Therefore, the officer's observations and conclusions concerning defendant's silence and his conduct during this silence violated defendant's right to remain silent following his arrest. As noted above, we do not need to decide whether the admission of the officer's testimony constituted reversible error. However, when defendant is retried on this charge, the evidence surrounding defendant's post-arrest silence should not be admitted.

After reviewing defendant's three remaining assertions of error at trial, we find that they are without merit. The trial judge did not abuse his discretion in admitting evidence of defendant's prior acts of sexual abuse against his daughter and four nude photographs of his daughter taken by defendant. In addition, the trial judge did not

---

[7] *People v Bobo,* 390 Mich 355; 212 NW2d 190 (1973).

[8] *People v Soles,* 143 Mich App 433; 372 NW2d 588 (1985).

[9] *People v Whitty,* 96 Mich App 403; 292 NW2d 214 (1980), lv den 409 Mich 915 (1980); *People v Gerald Wells,* 102 Mich App 558; 302 NW2d 232 (1980), lv den 411 Mich 980 (1981).

abuse his discretion in denying admission of sexually explicit drawings made by defendant's daughter offered for the purpose of impeaching her testimony.

Reversed and remanded for new trial.